64]        *JACOB FOWBLE *v.* CHRISTOPHER WALKER.

Party in court, when an order is made affecting his interest, and making no
    objection, can not, of right, be heard to make a motion to rescind such
    order. He must show some reason for his negligence, addressed to the
    sound discretion of the court.

THIS case came before the court in Hamilton county, and was adjourned for decision at this special session. The record discloses the following facts: On September 21, 1808, Rayberg and Taylor

Fowble *v.* Walker.

ı ʀcovered judgment against Fowble for one thousand one hundred and fifty-five dollars fifty-three cents damages, eight dollars seventy-ı ne cents costs, in the court of common pleas, and eleven dollars t wenty-nine cents costs in the Supreme Court. On October 21, 1808, a writ of *fi. fa.* issued to the sheriff of Hamilton county, returnable to December term of the same year. On this execution the sheriff, Aaron Goforth, returned: "I have levied on one hundred and six and one-third acres of land, in the northeast corner of section 25, township 3, and fractional range 2. Also, ninety-four and three-fourths acres, in lot 25, township 3, fractional range 2, which remains unsold." On May 1, 1809, a *vendi.* issued, upon which the sheriff made the following return: "I have held inquiry, and property of the annual rent of four hundred and fifty-four dollars sixty-two and two-third cents, and of the value of four thousand four hundred and twenty-six dollars sixty-two and two-third cents, was appraised by inquisition hereto annexed."

On the 5th of September, an *alias vendi.* issued, directed to Aaron Goforth, late sheriff of the county of Hamilton, on which the sheriff made return that he had sold the property to Christopher Walker, on December 8, 1810, for two thousand nine hundren and seventy-six dollars. This return was signed by "Aaron Goforth, late sheriff." Goforth died soon after and before any deed was made. At the December term, 1812, of the court of common pleas, on the application of William Corry, one of the administrators of the late sheriff, Goforth, it was ordered that the return made on December 8, 1810, should be amended, and it was accordingly amended to read as follows: "Property on hand for want of bidders." Subsequent to this another *vendi.* was issued, but no return made. Here the matter rested until the December term of the *same court, 1827, when a motion was made, by [65 Walker, for an order to the present sheriff to execute a deed on the return made by the late sheriff, Goforth, upon the execution of September 5, 1810, and so to vacate the order and amended return, made at the instigation of the administrator of Goforth, at the December term, 1812. This motion was continued to the February term, 1828; and at that time, to wit: on the 26th day of February, it being proved that the purchase money had been paid, the court, upon examination of the whole case, made the following order:

"William Rayberg and William W. Taylor *v.* Jacob Fowble,

executor, No. 59, to December term, 1810, on judgment as follows: Damages, one thousand one hundred and fifty-five dollars fifty-three cents; costs, C. P. eight dollars and seventy-one cents, S. C. eleven dollars and twenty-nine cents. Interest from September 21, 1808. On motion, the court set aside the amended return made on the above execution, by the administrators of Aaron Goforth, deceased, and reinstate the former one, and order the said amended return to be held for naught, and that all the subsequent proceedings had by reason of said amended return, be also set aside and held for naught. Jacob Burnet sworn and examined. The court having carefully examined the proceedings of Aaron Goforth, Esq., late sheriff of Hamilton county, on the above execution, order it to be entered of record; they are satisfied that the sale of the property therein described, on December 8, 1810, to Christopher Walker, for the sum of two thousand nine hundred and seventy-six dollars, has been, in all respects, in conformity with the statute. It is therefore ordered by the court, that John C. Avery, Esq., sheriff of Hamilton county, make and execute a deed to the purchaser accordingly; and from testimony exhibited, court are satisfied that the proceeds of the sale have been regularly paid over."

On the following day, to wit, February 27, 1828, Fowble made a motion in the same court, to set aside and vacate this order, which motion was continued over to the 6th day of March and then overruled, the court refusing to sustain the motion, on the ground that opportunity had been offered to show cause why the order should not have been granted, but that none had been shown.

66] *When the motion was overruled, Fowble, by his counsel, tendered a bill of exceptions, which was sealed by the court, the bill of exceptions discloses among others, most of the foregoing facts. It also shows that while the motion of Walker was pending, Fowble was in court; that Goforth, when the sale was made, had ceased to be sheriff; that other judgments were recovered against Fowble, executions upon which were in the hands of the sheriff at the same time with the execution in favor of Rayberg and Taylor; that it did not appear that there was an indorsement of *nulla bona*; upon any of the writs of *fi. fa.*, etc.

The case now comes before the court, on a writ of *certiorari*, to reverse the decision of the court of common pleas, on the motion submitted by Fowble. Various errors are assigned, but it is deemed unnecessary to state them specifically.

Fowble *v.* Walker.

CASWELL & STARR, for plaintiff.

WADE, for defendant.

Opinion of the court, by Judge HITCHCOCK:

Notwithstanding the variety of facts which are spread upon the record in this case, and the variety of errors assigned, it seems to the court that the principles upon which it must be decided, are confined to a very narrow compass. Had the plaintiff shown cause against the motion which resulted in the order of February 26, 1828, while that motion was pending; had the court of common pleas adjudged the causes thus shown insufficient, and had the plaintiff tendered a bill of exceptions, spreading the same facts upon the record, as they appear upon the decision of his own motion of the 27th of February the question presented would have been different, and probably of more difficult solution. We should then have been under the necessity of inquiring into the validity of that order. The arguments of counsel, as well as the assignment of errors, seem to be predicated upon such a state of case. An examination of the record shows an entirely different case. It is the proceedings and decision upon the motion of the 27th of February *made by Fowble himself, and not upon the motion [67 made by Walker, at the November term, 1827, of the court of common pleas, which is said to be erroneous. Fowble, although in court, did not show cause against the motion first above referred to; he made no objection to the order; he lay back until the order was made, and subsequently submitted his own motion to the court, to set aside or vacate this order. The only question which can now be examined is, whether the court erred in refusing to sustain this motion.

Motions of this description, or those somewhat similar in their nature, are frequently made, and are always addressed to the sound discretion of the court. By sound discretion, I do not mean an arbitrary discretion, but such a discretion as may be exercised without the violation of any principle of law. Parties, not unfrequently, in the progress of a cause, lose advantages in consequence of their own negligence or laches, to which they may or may not be restored on motion, at the discretion of the court. If restored, it must be upon such terms as the court think proper to impose. Motions to set aside nonsuits or defaults, for new trials, to amend

pleadings, etc., are within every-day practice, and it is discretion-
ary with the court to grant or refuse them.   Where, however, an
advantage has been lost to a party in consequence of sheer negli-
gence, it is rare, indeed, that a court will on motion grant relief.
For instance, a defendant neglects to plead, and suffers judgment
to go by default.   It must be an extraordinary case, that will in-
duce the court to set aside the default, unless the defendant offers
some plausible excuse at least for his neglect.

The motion of Fowble is not so far dissimilar to those referred
to, but that the same principle ought to govern in the settlement
of it.   Had he had no day in court, he would have appeared un-
der more favorable circumstances.   But he had a day in court, and
it was owing to his own laches that he was deprived of a full in-
vestigation.   He neglected to show any cause against the motion
of Walker, until that motion was disposed of by making the order
of 26th February.   He made no excuse for this neglect, and on ac-
count of this neglect, the court not only refused to sustain, but
overruled his motion of the 27th February.   It was within the
discretion of the court to grant or refuse it, and we are not pre-
68]   pared *to say, that in the exercise of that discretion, any
principle of law was violated, that any error was committed.

The decision of the court of common pleas is affirmed.